IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, Central DIVISION

| | |
|---|---|
| Addiction Treatment Centers et al, <br><br> Plaintiffs, <br> v. <br> Shadow Mountain et al, <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S SHORT FORM DISCOVERY MOTION <br><br> Case No. 2:16-cv-00339-JNP-CMR <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Cecilia M. Romero |

Before the Court is a Short Form Discovery Motion (ECF 60) filed by Plaintiffs Addiction Treatment Centers, Inc. and St. George Detox Center, LLC and Counter Defendant Arlen Barksdale (collectively "Plaintiffs"). Plaintiffs seek an order compelling Defendants "to respond in full to Plaintiffs' document requests and supplement their document production." (ECF 60 at 4). Having considered the motion, the Court will decide it on the basis of the written memoranda. *See* DUCivR 7-1(f).

Plaintiffs' motion fails to comply with the certification requirements for short form discovery motions. As noted in Local Rule 37-1:

> The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys.

*See* DUCivR 37-1(a)(4). "At a minimum, those efforts include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure/request(s) at issue, the response(s) thereto, and specifying why those responses/objections are inadequate, and; (B)

requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so." *See* DUCivR 37-1(a)(1).

In the motion Plaintiffs claim to have "conferred with Defense counsel several times about Defendants' deficiencies." ([ECF 60 at 2](#)). While Plaintiffs provide the dates that they spoke with and emailed defense counsel, Plaintiffs have failed to demonstrate that reasonable efforts were made to reach an agreement on specific discovery requests and responses. The emails to defense counsel neither identify the discovery requests and responses at issue nor specify why such responses were inadequate. This is insufficient to meet the certification requirement.

In addition, Plaintiffs fail to specifically identify which of the discovery responses are inadequate in the motion. Instead, Plaintiffs make the broad assertion that "Defendants have not responded to the vast majority of Plaintiffs' document requests." ([ECF 60 at 4](#)). Although Plaintiffs identify three discovery requests as examples, they do not explain why Defendants' responses to these requests were deficient. (*Id.*) Plaintiffs bring the motion under the Short Form Procedure, however, even with a 500 word limit there must be more than general assertions of noncompliance with various vague discovery requests.

Accordingly, Plaintiffs' motion is DENIED.

DATED this 29 July 2019.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah