IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ADDICTION TREATMENT CENTERS, INC. and ST. GEORGE DETOX CENTER, LLC;<br><br>Plaintiffs;<br><br>v.<br><br>SHADOW MOUNTAIN, LLC; ROUND HILL SERVICES, LLC; DAVID SKELTON; DAVID BRADLEY; and ROBB HOLUB;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR JUDGMENT AS A MATTER OF LAW<br><br>Case No. 2:16-cv-00339-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court are three motions for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. Crossclaim defendants Addiction Treatment Centers, Inc. and Arlen Barksdale (collectively, Addiction Treatment Centers) filed a motion for a judgment as a matter of law on all counterclaims, ECF No. 226, and a motion for judgment as a matter of law on the issue of its partnership interest in the St. George Detox Hospital business, ECF No. 227. Defendants Shadow Mountain and Robb Holub (collectively, Shadow Mountain) also filed a motion for a judgment as a matter of law on all of plaintiff Addiction Treatment Centers' claims. ECF No. 233. The court DENIES all of these motions.

## BACKGROUND

Prior to trial, plaintiff Addiction Treatment Centers asserted seven claims in this action: (1) trademark infringement, (2) false advertising, (3) deceptive sales practices, (4) unfair competition, (5) breach of contract, (6) intentional interference with economic relations, and (7) conversion. Counterclaim plaintiff Shadow Mountain asserted the following counterclaims prior

to trial: (1) breach of the covenant of good faith and fair dealing, (2) conversion, (3) intentional interference with economic relations, (4) fraudulent nondisclosure, (5) breach of fiduciary duty, and (6) breach of the duty of loyalty.

On the evening of March 3, 2022, after the close of evidence, the court held a lengthy hearing to entertain motions for a directed verdict and to discuss which claims and counterclaims would go to the jury. At the hearing, Addiction Treatment Centers agreed to dismiss a number of its claims. The court also granted motions for a directed verdict on some of Shadow Mountain's counterclaims. Finally, the court permitted both Addiction Treatment Centers and Shadow Mountain to assert claims for breach of the oral contract between Shadow Mountain and Joel Hansen to form the St. George Detox Hospital business. The court determined that it would instruct the jury on three claims asserted by Addiction Treatment Centers: (1) breach of the oral contract, (2) intentional interference with economic relations, and (3) conversion. The court also permitted Shadow Mountain to present three counterclaims to the jury: (1) breach of the oral contract, (2) breach of the covenant of good faith and fair dealing, and (3) breach of fiduciary duty. The jury found that Addiction Treatment Centers prevailed on its intentional interference with economic relations claim. The jury also found that Shadow Mountain prevailed on its breach of contract and breach of fiduciary duty counterclaims.

Prior to closing argument, Addiction Treatment Centers filed two motions for a directed verdict on Shadow Mountain's counterclaims under Rule 50(a). Four days after the jury rendered it verdict, Shadow Mountain also filed a motion for a directed verdict on Addiction Treatment Centers' claims. Shadow Mountain's motion incorporated by reference its pre-verdict arguments for a directed verdict under Rule 50(a).

## LEGAL STANDARD

"Rule 50 of the Federal Rules of Civil Procedure provides the process for challenging the sufficiency of the evidence in a civil jury trial." *Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1128 (10th Cir. 2019). Rule 50(a) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
> (A) resolve the issue against the party; and
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

FED. R. CIV. P. 50(a)(1)(A)–(B). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." *Id.* 50(b).

"Judgment as a matter of law is 'cautiously and sparingly granted . . . .'" *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 766 (10th Cir. 2019) (citation omitted). In deciding a motion for judgment as a matter of law, the court must "construe the evidence and inferences in the light most favorable to the nonmoving party without weighing the evidence, passing on the credibility of witnesses, or substituting [its] judgment for that of the jury." *Greene v. Safeway Stores, Inc.*, 98 F.3d 554, 557 (10th Cir. 1996). "Judgment as a matter of law is appropriate 'only where the evidence and all inferences to be drawn therefrom are so clear that reasonable minds could not differ on the conclusion.'" *Id.* (citation omitted). In other words, "[j]udgment as a matter of law under Rule 50 'is appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the nonmoving party's position.'" *Mountain Dudes*, 946 F.3d at 1129 (citation omitted).

## ANALYSIS

I. **ADDICTION TREATMENT CENTERS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON ALL COUNTERCLAIMS**

In its motion for a judgment as a matter of law on all counterclaims, Addiction Treatment Centers raises three arguments. First, it incorporates its oral arguments for a directed verdict made during the March 3, 2022 hearing. For the same reasons articulated at the hearing, the court denies the motion for a judgment as a matter of law on the counterclaims presented to the jury.

Second, Addiction Treatment Centers argues that the court should enter a directed verdict on Shadow Mountain's breach of contract crossclaim because all of the evidence presented to the jury pointed to only one conclusion—that Shadow Mountain was the first party to materially breach the oral contract by:

> (a) refusing to open a new entity for the partnership, FEIN, bank account, or operating agreement; (b) admitting he did not have a duty to treat Dr. Barksdale with good faith; (c) stating that "SM owns 100% of SGDH"; (d) changing the locks to the SGDH facility; (e) changing the mailing address to his personal home; (f) hijacking the SGDH's website and telephone number; (g) refusing to share the partnership financial records and accounts with Dr. Barksdale; and (h) freezing Dr. Barksdale out of all operations and involvement in the SGDH.

ECF No. 226 at 6; *see CCD, L.C. v. Millsap*, 116 P.3d 366, 373 (Utah 2005) ("[U]nder the 'first breach' rule 'a party first guilty of a substantial or material breach of contract cannot complain if the other party thereafter refuses to perform.'" (citation omitted)).

The court is not persuaded by these arguments and finds that the jury could have determined that the oral contract did not require Shadow Mountain to do or refrain from doing any of the things that Addiction Treatment Centers complains about. Testimony regarding the terms of the oral contract centered on three main components: (1) Shadow Mountain would receive a 51%

management share of the St. George Detox Hospital business, while Joel Hansen would receive a 49% management share; (2) profits from the business would be split evenly; and (3) Hansen would oversee the treatment provided in the facility. The jury could have concluded from the evidence that the oral contract did not require Shadow Mountain to create a new entity for the partnership; refrain from changing the locks; or permit Addiction Treatment Centers, as Hansen's successor in interest to the oral contract, to participate in the management of the hospital. Indeed, the uncontradicted evidence that Shadow Mountain received a 51% management share of the business suggests that it did not breach any of the contractual duties alleged by Addiction Treatment Centers. Without a breach on the part of Shadow Mountain, the jury could have concluded from the evidence that the first-breach doctrine did not bar the breach of contract counterclaim.

Additionally, the jury could have found that there was inadequate evidence of the timing of any breach of the oral contract. The evidence presented at trial suggested that Shadow Mountain had a contractual duty to split profits from the hospital with Addiction Treatment Centers. But the amount of any profits and the timing of any duty to distribute profits was far from clear. The interpretation of the accounting records introduced at trial was disputed. And in its motion for a directed verdict, Addiction Treatment Centers does not point to any evidence presented at trial of if or when Shadow Mountain took a distribution without splitting the profits with Addiction Treatment Centers. Absent evidence of precisely when the contractual duty to share profits may have been breached, Addiction Treatment Centers cannot prevail as matter of law on its first-breach affirmative defense.

Third, Addiction Treatment Centers argues that it should prevail as a matter of law on Shadow Mountain's counterclaims because Shadow Mountain did not present any evidence of damages. Addiction Treatment Centers concedes that it diverted about $203,000 of the detox

hospital's funds to what it labels as a "partnership bank account." But it argues that it has conclusively proven that all of the money that it diverted was used for expenses for the detox hospital.

The court finds that Addiction Centers did not prevail as a matter of law on the issue of damages. Addiction Treatment Centers asserts that Exhibit 38—which consists of around 125 pages of bank records, receipts, and invoices recording payments for meals, vehicle expenses, payroll, marketing, and other expenses—establishes that it spent the diverted money on business expenses and not for personal gain. But the jury was not required to accept the documents contained in Exhibit 38 as conclusive proof that the money was spent only on the detox hospital business. Shadow Mountain argued that the documents did not prove that all of the expenses directly related to the detox hospital. It argued that receipts for meals, vehicle expenses, the filing fee for this lawsuit, payroll fees, and amounts paid to a company controlled by Barksdale for consulting and management fees ultimately rested on Barksdale's say-so that the expenditures went to the detox hospital and not to other businesses. The jury could have determined that it did not have enough information to decide that all of the money was spent on the detox hospital. The jury might also have decided that Barksdale's testimony regarding the expenses was not credible. Because the jury could have found that Exhibit 38 did not prove that the money diverted by Addiction Treatment Centers went back to the detox hospital business, Addiction Treatment Centers is not entitled to a directed verdict on the issue of damages.

Moreover, even if the jury believed that all of the money diverted by Addiction Treatment Centers went to expenses related to the detox hospital, the jury could have awarded damages based upon a finding that Addiction Treatment Centers did not have a right to divert the money and choose how to spend it. As noted above, the jury could have found that Addiction Treatment

Centers acquired a 49% management interest in the St. George Detox Hospital while Shadow Mountain held a 51% interest. Thus, the jury could have determined that Addiction Treatment Centers breached the terms of the oral contract and its fiduciary duties by seizing money from the detox hospital and spending it on management fees paid to an entity controlled by Barksdale, on Barksdale's food and vehicle expenses, and on the filing fee for a lawsuit against Shadow Mountain. The jury also could have found that Shadow Mountain was damaged because the funds spent by Addiction Treatment Centers were wasted or channeled away from more pressing business expenses. For this additional reason, Addiction Treatment Centers has not shown that it should prevail as a matter of law on the issue of damages.

Accordingly, having observed the testimony presented at trial, the court concludes that Addiction Treatment Centers has not carried its heavy burden of showing that it is entitled to a directed verdict on Shadow Mountain's counterclaims. The court, therefore, denies Addiction Treatment Centers' motion for a judgment as a matter of law.

## II. ADDICTION TREATMENT CENTERS' MOTION FOR JUDGMENT AS A MATTER OF LAW ON THE ISSUE OF PLAINTIFF'S PARTNERSHIP INTEREST

Addiction Treatment Centers also filed a motion seeking a judgment as a matter of law that it was a partner, rather than a transferee, of the St. George Detox Hospital business. *See* UTAH CODE § 48-1d-603 (establishing the rights and limitations of a transferee of a partnership interest). It argues that Shadow Mountain consented to making it a partner in the detox hospital business. *See* UTAH CODE § 48-1d-401(2) ("After formation of a partnership, a person becomes a partner . . . with the consent of all the partners.").

Addiction Treatment Centers, however, does not explain how its purported status as a partner in the detox hospital business would negate liability for the breach of contract or breach of

7

fiduciary duty counterclaims. Regardless of Addiction Treatment Centers' status as a transferee or a partner, it would be bound by the oral contract. And a partner owes fiduciary duties that may be breached. *Ong Int'l (U.S.A.) Inc. v. 11th Ave. Corp.*, 850 P.2d 447, 453–54 (Utah 1993). Because the transferee/partner issue is not dispositive, the court denies Addiction Treatment Center's motion for judgment as a matter of law.

### III. SHADOW MOUNTAIN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Shadow Mountain also moved for a judgment as a matter of law on all of Addiction Treatment Centers' claims and defenses. This motion incorporates by reference oral arguments made during the March 3, 2022 hearing and in other filings. For the same reasons articulated at the hearing, the court denies the motion for a judgment as a matter of law on the claims and defenses presented to the jury.

### CONCLUSION

For the reasons stated above, the court rules as follows:

1. The court DENIES Addiction Treatment Centers' motion for a judgment as a matter of law on all counterclaims. ECF No. 226.

2. The court DENIES Addiction Treatment Centers' motion for a judgment as a matter of law on the issue of its partnership interest in the Saint George Detox Hospital business. ECF No. 227.

3. The court DENIES Shadow Mountain's motion for a judgment as a matter of law on all of Addiction Treatment Centers' claims and defenses. ECF No. 233.

DATED May 2, 2022.

                      BY THE COURT

                      _____
                      Jill N. Parrish
                      United States District Court Judge